IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALDONA M. ZILINSKAS,<br>    Plaintiff, | )<br>)<br>) | |
| vs. | ) | Civil Action No. 13-80 |
| UPMC; UPMC PRESBYTERIAN SHADYSIDE,<br>    Defendants. | )<br>)<br>)<br>) | |

**MEMORANDUM OPINION**

I. **INTRODUCTION**

Currently pending before the Court is Defendants', UPMC and UPMC Presbyterian Shadyside's, (collectively "UPMC") Motion to Dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons set forth below, Defendants' Motion to Dismiss is denied.

II. **BACKGROUND**[1]

Plaintiff was a pharmacist who worked for UPMC Shadyside beginning in October of 1997. Compl. [ECF No. 1] at ¶¶ 4-5. Plaintiff was suspended and discharged from her employment for "Insubordination/Disorderly Conduct" on or about November 3, 2008. *Id.* at ¶ 14. Thereafter, Plaintiff filed an administrative claim with the Equal Employment Opportunity Commission ("EEOC"). *Id.* at ¶ 15.

Plaintiff commenced this action in district court on January 15, 2013 before receiving her Notice of Right to Sue letter ("right to sue letter"). *Id.* at ¶ 17. Plaintiff alleges that neither she nor her counsel, Martin Sheerer ("Attorney Sheerer") received a right to sue letter from the

---

[1]     The court will only discuss the facts necessary to decide the instant motion.

EEOC. *Id*. Moreover, Plaintiff avers that Attorney Sheerer contacted the EEOC and opposing counsel numerous times inquiring as to the status of a right to sue letter, to no avail. *Id*. Specifically, Plaintiff claims that Attorney Sheerer contacted the EEOC investigator on December 10, 2012, December 19, 2012 and January 2, 2013 but received no response until January 3, 2013 when he was informed that the investigator was "unable to locate the Plaintiff's EEOC file" but the right-to-sue notices had been issued on September 26, 2012. *Id*. at ¶¶ 17-24. Plaintiff also claims that Attorney Sheerer contacted opposing counsel on December 10, 2012 as to whether the right to sue letter had been issued. *Id*. at ¶ 19.  On December 27, 2012, Plaintiff claims that Defendant's counsel contacted Attorney Sheerer via email informing him that there had been a right to sue letter issued, but did not inform Attorney Sheerer of the date it had been issued. *Id*. at ¶ 22.

Attorney Sheerer was hospitalized on October 9, 2012 and passed away on January 18, 2013. Aff. of Martin W. Sheerer [ECF No. 1-2] at ¶¶ 2-4; Aff. of Paul J. Giuffre [ECF No. 10] at ¶ 1.  He was subsequently replaced by Attorney Paul J. Giuffre.  On April 4, 2013, Attorney Giuffre filed an affidavit with the Court stating that Attorney Sheerer's widow returned various documents to Attorney Giuffre found among Attorney Sheerer's personal possessions.  Aff. of Paul J. Giuffre [ECF No. 10] at ¶ 2. Among the documents was the right to sue letter indicating a mailing date of September 26, 2012. *Id*. at ¶ 4.  The letter indicated the EEOC dismissed Plaintiff's charge and mailed a Notice of Right to Sue ("right to sue letter") to Plaintiff on September 26, 2012 stating that any suit "**must be filed WITHIN 90 DAYS of your receipt of this notice; or your right to sue based on this charge will be lost**." 9/26/2012 EEOC Right to Sue Letter [ECF No. 11-1] (emphasis in original).

Defendants move to dismiss the instant complaint because they claim it is untimely.

Defendant argues that "[t]o be timely, Plaintiff's Complaint had to be filed within the next 90 days [after the right to sue letter was issued], or no later than December 28, 2012[,]" and therefore the Complaint must be dismissed with prejudice because suit was filed on January 15, 2013. Mot. to Dis. [ECF No. 11] at ¶¶ 11-13. Plaintiff argues that this circumstance is one in which equitable tolling applies such that the complaint should be deemed timely filed. Pl.'s Br. [ECF No. 10] at 1.

### III.    JURISDICTION

Jurisdiction is proper pursuant to federal question jurisdiction, 28 U.S.C. § 1331, as Plaintiff advances claims under the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621, *et seq*. Moreover, all parties have consented to jurisdiction before a United States Magistrate Judge; therefore the Court has the authority to decide dispositive motions, and to eventually enter final judgment. *See* 28 U.S.C. § 636 *et seq.*

### IV.    STANDARD OF REVIEW

It is well-settled that in reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a court must " accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008). Dismissal pursuant to Federal Rules of Civil Procedure 12(b)(6) is proper only where the averments of the complaint plausibly fail to raise directly or inferentially the material elements necessary to obtain relief under a viable legal theory of recovery. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 561 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). Stated differently, allegations of the

complaint must be factually grounded to move the claim from the realm of mere possibility to one that "is plausible on its face." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Under the post *Twombly/Iqbal* standard, civil complaints "must contain more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-211 (3d Cir. 2009) (internal quotations omitted).

Although a district court may not generally consider matters extraneous to pleadings when ruling on a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), it may consider documents <u>integral to or explicitly relied upon</u> in a complaint without converting the motion to dismiss into a motion for summary judgment. *West Penn Allegheny Health Sys., Inc. v. UPMC*, 627 F.3d 85, 97 (3d Cir. 2010); *In re Burlington Coat Factory Sec. Litig*., 114 F.3d 1410, 1426 (3d Cir. 1997).

Here, although Plaintiff's right to sue letter was not attached to the Complaint, it is integral and explicitly referred to by Plaintiff in the Complaint. Indeed, the only purported reason Plaintiff's counsel gives for <u>not</u> attaching the right to sue letter to the Complaint was that Plaintiff's counsel had not yet received a right to sue letter from the EEOC. *See* Compl. [ECF No. 1] at ¶¶ 17-24. Therefore, it is proper for the Court to consider the right to sue letter in determining Defendants' Motion to Dismiss.

## V.   ANALYSIS

Under the Age Discrimination in Employment Act ("ADEA"), after the EEOC has disposed of a charge by notifying the aggrieved party, the party has ninety days after receiving such notice to file a civil action against her employer. *See* 29 U.S.C. §626(e). "[T]he plain language of Section 262(e) makes clear that the failure to file suit within ninety days after the receipt of a notice from the Commission renders a plaintiff's action untimely." *McCray v. Corry*

*Mfg. Co.*, 872 F.Supp. 209, 214, *aff'd*, 61 F.3d 224 (3d Cir. 1995); *Gaspar v. Merck and Co., Inc.*, 118 F.Supp.2d 552, 555 (E.D.Pa. 2000) (same). This ninety-day period is "strictly construed" and without the showing of an equitable basis for tolling, "a civil suit filed even one day late is time barred and may be dismissed." *Burgh v. Borough Council of the Borough of Montrose*, 251 F.3d 465, 470 (3d Cir. 2001).

The ninety-day period starts when either the claimant, or her attorney receives the right to sue letter, whichever is earlier. *Seitzinger v. Reading Hosp. and Med. Ctr.*, 165 F.3d 236, 239, n.1 (3d Cir. 1999) (citing *Irwin v. Dep't of Veteran Affairs*, 498 U.S. 89, 92-93 (1990)). When the actual date of receipt of the right to sue letter is known, that date controls in calculating the ninety-day period. *Butko v. Meadows*, 2008 WL 4492376, at *3 (W.D.Pa. 2008) (quoting *Seitzinger*, 165 F.3d at 239. "However, in the absence of other evidence, courts will presume that a plaintiff received her right-to-sue letter three days after the EEOC mailed it." *Butko,* 2008 WL 4492376, at *3 (citations omitted).

In the instant case, the right to sue letter was mailed to Plaintiff on September 26, 2012. Compl. [ECF No. 1] at ¶ 24; 9/26/12 EEOC Letter [ECF No. 11-1]. Taking into account the three day presumption, Plaintiff would have received the letter on September 29, 2012. Therefore, to comply with 29 U.S.C. § 626(e), Plaintiff needed to file suit in district court by December 28, 2012. However, Plaintiff filed suit on January 15, 2013, eighteen days past the time period to bring suit under the strict construction of section 626(e).

Under the equitable tolling doctrine, a plaintiff may file suit after the statutory period has expired "if they have been prevented from filing in a timely manner due to sufficiently inequitable circumstances." *Seitzinger*, 165 F.3d at 240. The United States Supreme Court has specifically recognized that equitable tolling should be applied where a plaintiff alleges he did

not receive adequate notice of his right to sue. *Id*. (citing *Baldwin Cnty. Welcome Ctr. v. Brown*, 466 U.S. 147, 151 (1984)).  Additionally, equitable tolling is appropriate in situations "where a motion for appointment of counsel is pending, . . . where the court misled the plaintiff as to what was required of him or her[,] . . . where the defendant actively misled the plaintiff, when the plaintiff was prevented from asserting his or her rights in some extraordinary way, or when the plaintiff timely asserted his or her rights in the wrong forum." *Rockmore v. Harrisburg Property Serv.*, 2012 WL 951428, at *3, *aff'd* 2012 WL 4903045 (3d Cir. 2012) (citations omitted).

      Here, Plaintiff alleges that equitable tolling should apply because Plaintiff never received the Right to Sue letter from the EEOC before the time expired and the earliest time that Plaintiff had notice of the date the right to sue letter was issued was January 3, 2013; therefore the ninety day period started at that point. Pl.'s Br. [ECF No. 16] at 3-4.  Attorney Giuffre claims the first time he received the actual letter was on March 19, 2013. Aff. of Paul J. Giuffre [ECF No. 10] at ¶ 5  Plaintiff also states that she never received a right-to-sue letter and first saw the letter on or about March 19, 2013. Pl.'s Aff. [ECF No. 15-1] at ¶ 2.

      To the extent that we must take Plaintiff's claims as true and construe them in the light most favorable to her, equitable tolling should apply here.  Plaintiff did not receive adequate notice of her right to sue despite the good faith efforts of Attorney Sheerer and subsequently Attorney Giuffre to obtain the right to sue letter by contacting the EEOC and opposing counsel.  Attorney Sheerer first had notice of the right to sue letter via email from the EEOC on January 3, 2013.  Upon this information, he filed the instant complaint on January 15, 2013.  Meanwhile, he had been hospitalized and had not yet received the actual right to sue letter.  This, coupled with the fact that Attorney Sheerer passed away three days after filing the complaint are extraordinary circumstances that necessitates the application of equitable tolling.  Plaintiff, at the earliest, had

adequate notice of the right to sue letter on January 3, 2013 and therefore had ninety days from that date to commence action in this court. Moreover, Defendants are not prejudiced by allowing Plaintiff to pursue her claims. Service was made on Defendants and they are represented by competent counsel. Equitable tolling is appropriate in this case and Plaintiff's complaint was timely filed.

### VI. CONCLUSION

Accordingly, for the reasons stated above, Defendants' Motion to Dismiss [ECF No. 11] is denied. An appropriate Order follows.

DATED: May 21, 2013

By the Court,

s/Robert C. Mitchell
ROBERT C. MITCHELL
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALDONA M. ZILINSKAS,<br>    Plaintiff,<br><br>vs.<br><br>UPMC; UMPC PRESBYTERIAN<br>SHADYSIDE,<br>    Defendants. | Civil Action No. 13-82 |

## **ORDER**

AND NOW, this 21st day of May, 2013, it is ORDERED that Defendants', UPMC; UPMC Presbyterian Shadyside's, Motion to Dismiss [ECF No. 11] Plaintiff's, Aldona M. Zilinskas's, Complaint [ECF No. 1] is DENIED.

    s/Robert C. Mitchell
    ROBERT C. MITCHELL
    United States Magistrate Judge