IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALDONA M. ZILINSKAS, | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action No. 13-80 |
| | ) | |
| UPMC; UPMC PRESBYTERIAN | ) | |
| SHADYSIDE, | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION**

## I.     INTRODUCTION

Presently before the Court is Defendants', UPMC's and UPMC Presbyterian Shadyside's,

Motion for Reconsideration Pursuant to Federal Rule of Civil Procedure 59(e) of the Court's

Memorandum Opinion and Order denying Defendants' Motion to Dismiss.  For the reasons that

follow, Defendants' Motion for Reconsideration [ECF No. 19] is denied.

## II.     BACKGROUND

Plaintiff filed the instant complaint on January 15, 2013 alleging claims under 29 U.S.C.

§§ 621, and 623 *et seq*. [ADEA].  Defendants responded on April 5, 2013 by filing a motion to

dismiss the complaint [ECF No. 11] and corresponding brief [ECF No. 12] claiming that it was

untimely.  After Plaintiff filed a reply brief [ECF No. 14], the Court entered an Order for

Plaintiff to "file a brief addressing the application of equitable tolling" and for the Defendants to

file a response. *See* 4/26/2013 Order.  The Court entered a Memorandum Opinion and Order

[ECF No. 18] denying Defendants' motion to dismiss on May 21, 2013.  Defendants now move

the Court to reconsider.

Defendants argue that "the Court's Memorandum Opinion does not address and cannot

be reconciled with the following arguments and authorities" and provide four arguments in support of its motion for reconsideration:

> (1)    There is a presumption under the law – and Plaintiff does not dispute – that the right-to-sue letter arrived at Attorney Sheerer's firm at 1000 Main Street, Pittsburgh, PA 15215 within three days after it was mailed, or by **September 29, 2012**. . . .
>
> (2)    Under controlling Supreme Court precedent, receipt of the notification letter from the EEOC by Attorney Sheerer's office on September 29, 2012 is receipt by Attorney Sheerer, thus beginning the running of the limitations period for bringing suit, notwithstanding that Attorney Sheerer may not have personally received notice until later. . . .
>
> (3)    Regardless of whether or when Plaintiff or her lawyers received the EEOC's letter, they had adequate notice that, under the law (ADEA), Plaintiff had a right to sue in federal court 60 days after she filed her charge with the EEOC – *over three years ago, in July 2009*. . . .
>
> (4)    In the end, "[p]rocedural requirements established by Congress for gaining access to the federal courts are not to be disregarded by courts out of a vague sympathy for particular litigants."

Defs' Mot. for Reconsideration [ECF No. 19] at 2 (citations omitted) (emphasis in original).

## III.   ANALYSIS

### a. Legal Standard

A motion for reconsideration under Federal Rule of Civil Procedure 59(e) "must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error of law or prevent manifest injustice.'" *Kulesa v. Rex*, 2013 WL 1278451, at *2 (3d Cir. March 29, 2013) (unpublished) (quoting *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010)).

Defendants argue that the third situation applies. To demonstrate clear error or manifest injustice, the Supreme Court mandates a "definite and firm conviction that a mistake has been

committed." *Easley v. Cromartie*, 532 U.S. 234, 242 (2001) (citing *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). Moreover, a defendant must "base its motion on arguments that were previously raised but were overlooked by the Court." *United States v. Jasin*, 292 F.Supp.2d 670, 676 (E.D.Pa. 2003). A motion for reconsideration "is not a proper vehicle to merely attempt to convince the court to rethink a decision it has already made[,]" *Colon v. Colonial Intermediate Unit 20*, 443 F.Supp.2d 659, 667 (M.D.Pa. 2006) (citations omitted) and "parties are not free to relitigate issues that the Court has already decided." *Jasin*, 292 F.Supp.2d at 676 (citations omitted). As such, a motion for reconsideration may not be used by an "unsuccessful party to rehash" arguments previously disposed of by the Court. *Keyes v. Nat'l R.R. Passenger Corp.*, 766 F.Supp. 277, 280 (E.D.Pa. 1991).

### b. Motion for Reconsideration

In its present motion, Defendants argue that the Court overlooked arguments raised in its motion to dismiss, such that it must be corrected to avoid a manifest injustice and clear error of law. Defendants' first two arguments in support of reconsideration were addressed by the Court in its Memorandum Opinion. Specifically applying the equitable tolling doctrine, the Court stated: "[A] plaintiff may file suit after the statutory period has expired 'if they have been prevented from filing in a timely manner due to sufficiently inequitable circumstances." Memo. Op. [ECF No. 18] at 5 (quoting *Seitzinger v. Reading Hosp. and Med. Ctr.*, 165 F.3d 236, 240 (3d Cir. 1999)). The Court found that equitable tolling applied in this circumstance due to the fatal illness and untimely death of counsel and found the complaint to be timely filed. Defendants' arguments ignore the premise that equitable tolling is properly employed when a complaint is filed after the statute of limitations has expired. The Court addressed these issues by finding that although there was a presumption that the letter was received three days after the

EEOC mailed it, this presumption was inapplicable because of the equitable tolling doctrine, and the complaint was deemed timely filed.  While Defendants' third argument is correct in asserting that Plaintiff has the right to sue in federal court sixty days after she filed her charge with the EEOC under 29 U.S.C. §626(d)(1), this section does not mandate that a plaintiff file suit within this time period; it is merely a permissive section that does not affect the statutory period that a right to sue letter triggers.  Finally, Defendants' fourth argument does not assert an error of law nor do Defendants explain how it is manifestly unjust.

Defendants have not met their burden of demonstrating that the Memorandum Opinion constituted a clear error, or resulted in a manifest injustice and the Court finds that it did not.  Defendants' arguments simply ask the Court to "rethink what [it] had already thought through rightly or wrongly." *Scarnati v. Social Sec.*, 2013 WL 2253159, at \*1 (W.D.Pa. May 22, 2013) (quoting *Glendon Energy Co. v. Borough of Glendon*, 836 F.Supp. 1109, 1122 (E.D. Pa. 1993)).  Because the arguments presented have been addressed by the Court, and Defendants have not shown that a mistake has been committed, Defendants' arguments are not a basis for a finding of clear error or manifest injustice.  Accordingly, Defendants' motion for reconsideration is denied.

## IV.  CONCLUSION

Based on the foregoing, Defendants' motion for reconsideration [ECF No. 19] of the Memorandum Opinion and Order denying Defendants' Motion to Dismiss is denied.

An appropriate Order follows.


DATED: May 29, 2013

By the Court,

s/Robert C. Mitchell
ROBERT C. MITCHELL
United States Magistrate Judge


4

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALDONA M. ZILINSKAS, | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action No. 13-80 |
| | ) | |
| UPMC; UPMC PRESBYTERIAN | ) | |
| SHADYSIDE, | ) | |
| Defendants. | ) | |

## **ORDER**

AND NOW, this 29th day of May, 2013, upon consideration of Defendants', UPMC's and UPMC Presbyterian Shadyside's, Motion for Reconsideration Pursuant to Federal Rule of Civil Procedure 59(e) of the Court's Memorandum Opinion and Order denying Defendants' Motion to Dismiss, it is HEREBY ORDERED that Defendants' Motion for Reconsideration [ECF No. 19] is DENIED.

<u>s/Robert C. Mitchell</u>
ROBERT C. MITCHELL
United States Magistrate Judge